IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

| | | |
|---|---|---|
| TODD BURRIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | ) ) ) ) | CASE NO. 14-CI-03409, Removed from the Circuit Court of Fayette County, Commonwealth of Kentucky |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE HOME DEPOT, INC., | ) ) | **Electronically Filed** |
| Defendant. | ) ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Home Depot, Inc. ("Home Depot")[1] hereby files this Notice of Removal of this action from the Circuit Court of Fayette County, Commonwealth of Kentucky, to the United States District Court for the Eastern District of Kentucky. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court:

1. Home Depot has been sued in a civil action entitled *Todd Burris, individually and on behalf of all others similarly situated v. The Home Depot, Inc.*, Case No. 14-CI-03409, in the Circuit Court of Fayette County, Commonwealth of Kentucky (the "State Court Action").

2. Plaintiff's Class Action Complaint ("Complaint") was filed on September 10, 2014, and served on Home Depot on September 15, 2014.

---

[1] The Complaint improperly names The Home Depot, Inc. as a defendant. The Home Depot, Inc. is not a retailer and therefore engaged in no transactions with the plaintiff. Rather, The Home Depot, Inc. is the parent company of Home Depot U.S.A., Inc., which is a home improvement retailer. Home Depot will formally raise this issue at the appropriate juncture.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Home Depot has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I. HOME DEPOT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. Plaintiff served Home Depot with the Class Action Complaint on September 15, 2014. *See* Exhibit A. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days after receipt by Home Depot, through service or otherwise, of a copy of the "initial pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

5. As of the date of this removal, Home Depot has not filed a responsive pleading to the Complaint.[2] Home Depot reserves all rights to assert any and all defenses or otherwise respond to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

6. Venue lies in the United States District Court for the Eastern District of Kentucky, Central Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Eastern District of Kentucky. The Circuit Court of Fayette County, Kentucky, is located within the Central Division of the Eastern District of Kentucky. Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.3, true and exact copies of all process, pleadings, and orders served on Home Depot in this matter are attached as Exhibit A.

---

[2] The Fayette County Circuit Court entered an agreed order extending Home Depot's deadline to respond to the Complaint through and including November 5, 2014.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Circuit Court of Fayette County, Commonwealth of Kentucky.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

8. The Court has original jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).[3]

9. As set forth below, this is a putative class action in which: (1) there are more than 100 members in the putative class proposed by Plaintiff; (2) at least one member of the proposed class is a citizen of a different state than Home Depot; and (3) based upon the allegations in the Complaint and the facts set forth in the Declaration of Scott Anderson (attached as Exhibit B), the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. Plaintiff's Proposed Class Consists of More Than 100 Members.

10. In the Complaint, Plaintiff purports to seek damages on behalf of an alleged class including "all residents in the State of Kentucky whose credit or debit card information and/or whose personal information was compromised as a result of the Home Depot data breach first announced on September 8, 2014." (Compl. ¶ 23.)

---

[3] To date, twenty-four putative class actions have been filed in federal court in connection with the criminal intrusion into Home Depot's payment data systems, each alleging federal jurisdiction pursuant to CAFA. One of the plaintiffs has filed a motion for consolidation and transfer of the federal court actions under 28 U.S.C. § 1407. Upon removal, this case likely will be transferred along with the other putative class actions in federal court if the Judicial Panel on Multi-District Litigation grants the Section 1407 motion.

11. Home Depot's investigation into the criminal intrusion into its payment data systems is ongoing, but its preliminary investigation suggests that the attack began in April 2014. (*See* Exhibit C, Sept. 8, 2014 Press Release.)  Home Depot has confirmed that as of September 18, 2014, the malicious software ("malware") used to perpetrate the attack had been removed. (*See* Exhibit D, Sept. 18, 2014 Press Release.)

12. Although Home Depot has not yet identified which specific transactions were exposed to the attack, in excess of 275,000 distinct credit or debit cards were used to make purchases in Home Depot stores in the Commonwealth of Kentucky from April 1, 2014 to September 17, 2014.  (Decl. ¶ 4.)

13. Accordingly, based on the allegations in the Complaint and Home Depot's records, the aggregate number of members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.     Minimal Diversity Exists.**

14. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse.  *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*. . . . ) (emphasis added).

15. Home Depot is, and was at the time it was served with the Complaint, a corporation duly organized and validly existing under the laws of the State of Delaware, which maintains its principal place of business in Georgia. (Compl. ¶ 3.)  Home Depot, therefore, is a citizen of Delaware and Georgia.

16. Plaintiff alleges that he is a citizen of Kentucky. (*See* Compl. ¶ 2.)

4

17.     Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

    **C.     The Amount-in-Controversy Requirement Is Satisfied.**

        **1.     The Amount-in-Controversy Exceeds $5 Million.**

18.     This action arises out of Home Depot's alleged failure to safeguard the personal and financial information of its customers as well as Home Depot's alleged failure to provide timely notice of the criminal intrusion into its payment data systems. (Compl. ¶¶ 46-48.) Although the Complaint contains only threadbare allegations concerning the harm purportedly suffered by the putative class,[4] Plaintiff articulates his alleged injury as follows:

> On information and belief, Plaintiff's personal information associated with his credit card was compromised in and as a result of the Home Depot data breach. Plaintiff was harmed by having his financial and personal information compromised and faces the imminent and certainly impending threat of future additional harm from the increased threat of identity theft and fraud due to his financial and personal information being sold on the Internet black market and/or misused by criminals.

(Compl. ¶ 21.)

19.     Plaintiff alleges that his claim is "typical of the claims of all the proposed class members, as they are all similarly affected by Defendant's unlawful conduct and their claims are based on such conduct." (Compl. ¶ 27.)

---

[4]     Indeed, Plaintiff has not alleged any concrete injury sufficient to confer Article III standing, and the Complaint therefore should be dismissed. Home Depot will move to dismiss the complaint on all applicable grounds at the appropriate time. In any event, the amount in controversy is determined "long before 'evidence' or 'proof' have been adduced." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Thus, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal." *Id.*

20. The Complaint fails to identify any concrete remedy, but instead asks the Court to "[r]equire Home Depot to make whole any losses suffered by Plaintiff and other proposed class members" and to "[a]ward Plaintiff and other proposed class members appropriate relief, including actual and statutory damages, restitution and disgorgement." (Compl., Prayer for Relief at C, E.)[5]

21. Although the Complaint does not specify the "appropriate relief" for the future harm that Plaintiff speculates the putative class may suffer, credit monitoring is the most logical means of identifying and preventing identity theft and fraud.

22. Publicly available information regarding commercial credit monitoring services suggests that the cost of one year of credit monitoring typically ranges from $179.40 to $239.40. (*See* Decl. ¶ 6.)

23. As noted above, Plaintiff seeks to represent a class of "all residents in the State of Kentucky whose credit or debit card information and/or whose personal information was compromised as a result of the Home Depot data breach first announced on September 18, 2014." (Compl. ¶ 23.)

24. Based on Plaintiff's allegations that his personal information was compromised and that his experience was typical of the class, the class is composed of in excess of 275,000 members, which represents the approximate number of distinct credit and debit cards used to make purchases in Home Depot stores in the Commonwealth of Kentucky from April 1, 2014 to September 17, 2014. (Decl. ¶ 4.)

---

[5] Plaintiff has not stated a plausible basis for entitlement to any of these remedies as will be explained in greater detail in Home Depot's motion to dismiss the Complaint.

25.     Assuming that each member of the putative class incurred credit monitoring services at the *lowest* available cost of $179.40 per year, the amount in controversy in this case based solely on this speculative element of the putative class members' alleged harm is at least $49,335,000.

26.     This amount does not include any of the other elements of the relief to which the putative class members are allegedly entitled, such as (a) statutory damages;[6] (b) disgorgement of the "financial benefits, monies, profits and overcharges"[7] that Plaintiff alleges Home Depot improperly retained; or (c) compensation for the diminished value of the putative class members' personal and financial information.  (*See* Compl. ¶¶ 70, 80-84, Prayer for Relief at E.)

27.     In addition to these alleged damages, Plaintiff also seeks an award of attorneys' fees, which must be considered in determining the amount in controversy.  *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) ("[A] statutory attorney's fee can be considered in determining whether the jurisdictional requirement amount is met.") (citation omitted).  Reasonable attorneys' fees are statutorily authorized for class actions filed under the Kentucky Consumer Protection Act.  *See* Ky. Rev. Stat. § 367.220.

28.     This Court has assumed attorneys' fees of at least 25% in calculating the amount in controversy for jurisdictional purposes.  *See Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 853 (E.D. Ky. 2006) (holding that defendant had met its burden to establish

---

[6] Plaintiff fails to identify any statute that provides for statutory damages.  Indeed, Kentucky's data breach notification statute and consumer protection act expressly limit relief to actual damages suffered.  *See* Ky. Rev. Stat. §§ 367.220, 446.070.

[7] The total amount of debit and credit card payments to Home Depot stores in Kentucky during the relevant time period was in excess of $50,000,000.  (Decl. ¶ 5.)  Thus, while Plaintiff fails to specify how these alleged "disgorgement" damages are to be measured, even if Plaintiff seeks only a fraction of this amount, the allegations in the Complaint clearly place at least $5 million at issue.

amount in controversy for jurisdictional purposes based on assumed attorneys' fees of 30% of damages).

29. Based on the cost of providing one year of credit monitoring services to the putative class, and assuming a 25% contingency fee, the purported class theoretically could seek to recover attorneys' fees of $12,333,750.

30. Based on these facts, the amount in controversy of this putative class action far exceeds $5 million.

### III. CONCLUSION

31. While Home Depot believes Plaintiff has suffered no injury and his claims fail on the merits and class certification is not appropriate in this action, based on Plaintiff's allegations, the amount in controversy in this matter (including, but not limited to, alleged compensatory damages and attorneys' fees) exceeds the jurisdictional threshold of $5 million set forth in 28 U.S.C. § 1332(d).

32. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

33. Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Home Depot will give written notice of the Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of Circuit Court of Fayette County, Commonwealth of Kentucky. (*See* State Court Notice, attached as Exhibit E).

WHEREFORE, Home Depot respectfully requests that this action be removed from the Circuit Court of Fayette County, Commonwealth of Kentucky, to the United States District

Court for the Eastern District of Kentucky, Central Division, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b).

Respectfully submitted this 14th day of October, 2014.

>  */s/ Daniel E. Danford*
> Daniel E. Danford
> STITES & HARBISON, PLLC
> 250 West Main Street, Suite 2300
> Lexington, KY 40507
> Tel: (859) 226-2300
> Fax: (859) 253-9144
> ddanford@stites.com
>
> *Counsel for Defendant*
> *The Home Depot, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2014, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, this 14th day of October, 2014, on:

M. Austin Mehr
Philip G. Fairbanks
Erik D. Peterson
Bartley K. Hagerman
Mehr Fairbanks Trial Lawyers
201 West Short Street, Suite 800
Lexington, Kentucky 40507

*Attorneys for Plaintiff*

>  */s/ Daniel E. Danford*
> Daniel E. Danford
> *Counsel for Defendant*