# EXHIBIT A

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _14-CI-3409_<br>Court  ☑ Circuit  ☐ District<br>County  Fayette |
|---|---|---|

**PLAINTIFF**

Todd Burris, Individually and on behalf of all others similarly situated

**VS.**

The Home Depot, Inc.                                                                    **DEFENDANT**

SEP 11 2014

To be served through the Kentucky Secretary of State upon

**Service of Process Agent for Defendant:**

CSC of Cobb County, Inc.

192 Anderson Street, S.E.

Suite 125

| Marietta | Georgia | 30060 |
|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you** or by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FILED SEP 10 2014, 2_____

VINCENT RIGGS, CLERK _____ Clerk
FAYETTE CIRCUIT COURT
By: _____  CIVIL DIVISION _____ D.C.
120 N. LIMESTONE STREET C103
LEXINGTON, KENTUCKY 40507

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____. |
| Served by: _____ |
| _____ Title |

# COMMONWEALTH OF KENTUCKY
## FAYETTE CIRCUIT COURT
### DIVISION III

```
ENTERED
ATTEST. VINCENT RIGGS, CLERK
OCT - 1 2014
FAYETTE CIRCUIT CLERK
BY                    DEPUTY
```

TODD BURRIS, individually and on behalf of
all others similarly situated,                )
                                              )
                              Plaintiff,       )      Civil Action No. 14-CI-3409
v.                                            )
                                              )
THE HOME DEPOT, INC.                          )
                                              )
                              Defendant.       )

## AGREED ORDER

The parties having agreed to extend Defendant's October 6, 2014 deadline to answer or

otherwise respond to the Complaint for an additional 30 days (until November 5, 2014), and the

Court being otherwise sufficiently advised, IT IS HEREBY AGREED, ORDERED AND

ADJUDGED that The Home Depot, Inc. shall have an additional 30 days to answer or otherwise

respond to the Plaintiff's Complaint, with the extended deadline on November 5, 2014.

DATED this _____ day of _____ OCT _____, 2014.

_____
Honorable James D. Ishmael, Jr.

HAVE SEEN AND AGREED:

_____          _____
Daniel E. Danford                   Erik D. Peterson — with permission
STITES & HARBISON, PLLC             MEHR FAIRBANKS TRIAL LAWYERS
250 West Main Street, Suite 2300    201 West Short Street, Suite 800
Lexington, KY 40507                 Lexington, KY 40507

cc:  Copies to counsel of record





**Commonwealth of Kentucky**
**Office of the Secretary of State**

Alison Lundergan Grimes
Secretary of State

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

FROM:   Circuit Court Clerk
        Fayette County
        120 N Limestone St
        Lexington, KY 40507

RE:     SUMMONS DIVISION
        SECRETARY OF STATE

        CASE NO: 14-CI-3409

DEFENDANT: **THE HOME DEPOT, INC.**

DATE:   September 22, 2014

USPS Certified Mail ID: 71922677001001966875

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

September 11, 2014

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

September 11, 2014

The US Postal Service has provided a scanned image of the return receipt confirming receipt of summons. The image is provided to the right of this page.

---

Kentucky Secretary of State's Office          Summons Division          9/22/2014

---



UNITED STATES
POSTAL SERVICE

Date Produced: 09/22/2014

KENTUCKY SECRETARY OF STATES OFFICE - COMMONWEALTH:

The following is the delivery information for Certified Mail™ item number 7192 2677 0010 0196 6875. Our records indicate that this item was delivered on 09/15/2014 at 02:08 p.m. in MARIETTA, GA 30060. The scanned image of the recipient information is provided below.

Signature of Recipient:

Delivery Section

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

FILED
SEP 25 2014
ATTEST VINCENT RIGGS CLERK
FAYETTE CIRCUIT CLERK
D.C.

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

1. Article Addressed to:

SECRETARY OF STATE
P. O. BOX 718
FRANKFORT, KY. 40602-0718

*Home Depot*

*14-CI-3409*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

   *Brian K. Howard*
   BRIAN HOWARD

   SEP 11 2014

3. Service Type
   ☒ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered         ☒ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7013 2630 0001 7481 4481

PS Form 3811, July 2013    Domestic Return Receipt



FILED
ATTEST, VINCENT RIGGS, CLERK
SEP 12 2014
FAYETTE CIRCUIT CLERK
DEPUTY

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____ 3
CIVIL ACTION NO. _14-CI-3409_

TODD BURRIS, individually and on behalf of
all others similarly situated                                              PLAINTIFFS

v.            **CLASS ACTION COMPLAINT AND JURY DEMAND**

THE HOME DEPOT, INC.                                                      DEFENDANT

** ** ** ** ** ** ** ** ** ** ** ** ** **

To be served by the Kentucky Secretary of State
on service of process agent:

CSC of Cobb County, Inc.
192 Anderson Street, S.E.
Suite 125
Marietta, GA 30060

### NATURE OF THE ACTION

1.      Home Depot, Inc. ("Home Depot" or the "Company") is the world's largest home improvement retailer with annual revenue of approximately $75 billion. Beginning approximately in April of 2014, and continuing until last week, unidentified assailants penetrated Home Depot's computer network. The breach likely includes the point-of-sale network that processes credit card and bank debit card transactions for most, if not all, Home Depot retail stores in the United States. The assailants compromised personal and/or financial information for hundreds of thousands, if not millions of individuals in the attack, potentially making it one of largest data breaches in the history of the world.

### PARTIES

2.      Plaintiff Todd Burris is an individual residing in Fayette County, Kentucky.

3.     Defendant The Home Depot, Inc. is a Delaware corporation, headquartered in Atlanta, Georgia. Home Depot's service of process agent is CSC of Cobb County, Inc., 192 Anderson Street, S.E., Suite 125, Marietta, Georgia 30060.  Home Depot is the world's largest home improvement retailer with more than 1500 stores across North America, including two in Fayette County.

## JURISDICTION AND VENUE

4.     Subject matter jurisdiction is proper in this Court because the amount in controversy exceeds the minimal jurisdictional limits of the Court.

5.     This Court has personal jurisdiction over Home Depot because the Company regularly conducts business in Fayette County and has sufficient minimum contacts in Kentucky. Home Depot intentionally avails itself of this jurisdiction by marketing and selling products to thousands of consumers in Fayette County.

6.     Venue is proper in this forum because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this county.

## COMMON FACTUAL ALLEGATIONS

7.     According to the National Retail Federation, Home Depot is the fifth largest retailer in the United States behind Walmart, Kroger, Costco, and Target.[1] Home Depot sells merchandise to millions of consumers in the United States.

8.     When consumers make purchases at Home Depot retail stores using credit or debit cards, Home Depot collects information related to that card including the card holder name, the account number, expiration date, card verification value (CVV), and PIN for debit cards. Home Depot stores this information in its point-of-sale system and transmits this information to a

---

[1]      https://nrf.com/2014/top100-table

third party for completion of the payment. Home Depot also collects and stores customer names, mailing addresses, phone numbers, and email addresses.

9.      While Home Depot's collection of customer information may itself be legal, by collecting and storing such extensive and detailed customer information, Home Depot creates an obligation for itself to use every means reasonably available to it to protect this information from falling into the hands of identity thieves and other criminals.

10.     In approximately April, 2014, computer hackers gained access to Home Depot's data network. Between approximately April, 2014 and last week, personal and/or financial information of hundreds of thousands, if not millions of consumers stored by Home Depot has been compromised.

11.     On September 2, 2014, the first public report of Home Depot's data breach was made – not by Home Depot itself, but by computer security blogger Brian Krebs.[2]  Home Depot did not publicly disclose the data breach until September 8, 2014.

12.     The personal and financial information of consumers, including Consumer Plaintiff and proposed class members, is valuable.

13.     The FTC warns consumers to pay particular attention to how they keep personally identifying information: Social Security numbers, credit card or financial information, and other sensitive data. As the FTC notes, "[t]hat's what thieves use most often to commit fraud or identity theft."

14.     The information stolen from Home Depot, including Plaintiff's and proposed class members' financial and personal information, is extremely valuable to thieves. As the FTC recognizes, once identity thieves have personal information, "they can drain your bank account,

---

[2]      http://krebsonsecurity.com/2014/09/banks-credit-card-breach-at-home-depot/

run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."

15.     Personal and financial information such as that stolen in the Home Depot data breach is highly coveted by and a frequent target of hackers. Legitimate organizations and the criminal underground alike recognize the value of such data. Otherwise, they would not pay for or maintain it, or aggressively seek it. Criminals seek personal and financial information of consumers because they can use biographical data to perpetuate more and larger thefts.

16.     The thieves use the credit card information to create fake credit cards that can be swiped and used to make purchases as if they were the real credit cards. Additionally, the thieves could reproduce stolen debit cards and use them to withdraw cash from ATMs.

17.     The ramifications of Home Depot's failure to keep Plaintiff's and proposed class members' personal and financial information secure are severe.

18.     Identity thieves can use personal information such as that pertaining to Plaintiff and the Class, which Home Depot failed to keep secure, to perpetuate a variety of crimes that harm the victims. For instance, identity thieves may commit various types of crimes such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund. The United States government and privacy experts acknowledge that it may take years for identity theft to come to light and be detected by a consumer.

## PLAINTIFF'S FACTUAL ALLEGATIONS

19.     Plaintiff's American Express credit card was swiped on at least seven separate occasions between July 10, 2014 and August 20, 2014 at a point-of-sale terminal while he made

4

purchases at the Home Depot store located at 2397 Richmond Road, Lexington, Kentucky. Plaintiff believed Home Depot would maintain the personal and financial information contained on his credit card in a reasonably secure manner and provided his credit card to Home Depot on that basis. Had Plaintiff known that Home Depot would not maintain his information in a reasonably secure manner, he would not have allowed his credit card to be swiped at Home Depot's point-of-sale terminal.

20.     Plaintiff's Chase debit card was swiped twice on June 16, 2014 at a point-of-sale terminal while he made a purchase at the Home Depot store located at 2397 Richmond Road, Lexington, Kentucky.  Plaintiff believed Home Depot would maintain the personal and financial information contained on his debit card in a reasonably secure manner and provided his debit card to Home Depot on that basis. Had Plaintiff known that Home Depot would not maintain his information in a reasonably secure manner, he would not have allowed his debit card to be swiped at Home Depot's point-of-sale terminal.

21.     On information and belief, Plaintiff's personal information associated with his credit card was compromised in and as a result of the Home Depot data breach. Plaintiff was harmed by having his financial and personal information compromised and faces the imminent and certainly impending threat of future additional harm from the increased threat of identity theft and fraud due to his financial and personal information being sold on the Internet black market and/or misused by criminals.

## CLASS ACTION ALLEGATIONS

22.     Pursuant to Kentucky Rule of Civil Procedure 23, Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated.  This action satisfies the CR

23.01 requirements of numerosity, commonality, typicality, and adequacy of representation, and the CR 23.02 requirements of predominance and superiority.

23.     The proposed class which Plaintiff seeks to represent is defined as follows:

All residents of the Commonwealth of Kentucky whose credit or debit card information and/or whose personal information was compromised as a result of the Home Depot data breach first announced by the Company on September 8, 2014. Excluded from the proposed class are: (1) Home Depot and its affiliates, officers, directors, and legal representatives; (2) members of the judiciary and their staff to whom this action is assigned; and (3) Plaintiff's counsel.

24.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of the claims on a class wide basis using the same exclusive and common evidence as would be used to prove those elements in individual actions alleging the same claims.

25.     The members of the proposed class are so numerous that joinder of all members is impractical. Plaintiff reasonably believes that many people geographically dispersed across Kentucky have been damaged by Defendant's actions. The names and addresses of proposed class members are identifiable through records maintained by Defendant, and proposed class members may be notified of the pendency of this action by mailed, published and/or electronic notice.

26.     Well-defined, nearly identical legal or factual questions affect all proposed class members. These questions predominate over questions that might affect individual proposed class members. These common questions include, but are not limited to, the following:

a.     Whether there was an unauthorized disclosure by Home Depot of Plaintiff's and proposed class members' personal and/or financial information;

b.     Whether Home Depot enabled an unauthorized disclosure of proposed class members' personal and/or financial information;

c.      Whether Home Depot misrepresented the safety and security of proposed class members' personal and/or financial information maintained by the Company;

d.      Whether Home Depot implemented and maintained reasonable procedures and practices appropriate for maintaining the safety and security of proposed class members' personal and/or financial information;

e.      When Home Depot became aware of an unauthorized disclosure of proposed class members' personal and/or financial information;

f.      Whether Home Depot unreasonably delayed notifying proposed class members of an unauthorized disclosure of proposed class members' personal and/or financial information;

g.      Whether Home Depot intentionally delayed notifying proposed class members of an unauthorized disclosure of proposed class members' personal and/or financial information;

h.      Whether Home Depot's conduct was negligent;

i.      Whether Home Depot's conduct was deceptive;

j.      Whether Home Depot's conduct was knowing, willful, intentional, and/or malicious;

k.      Whether Home Depot's conduct violated the Kentucky Consumer Protection Act, KRS § 367.170;

l.      Whether Home Depot's conduct violated KRS § 365.732; and

m.      Whether Plaintiffs and proposed class members are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

27.     Plaintiff's claim is typical of the claims of all the proposed class members, as they are all similarly affected by Defendant's unlawful conduct and their claims are based on such conduct.   Further, Plaintiff's claims are typical of the claims of all proposed class members because their claims arise from the same or similar underlying facts and are based on the same factual and legal theories.  Plaintiff is no different in any material respect from any other member of the Class.

28.     Plaintiff and his counsel will fairly and adequately protect the interests of proposed class members.  Plaintiff's interests do not conflict with the interests of the class he seeks to represent.  Plaintiff has retained counsel who are competent and experienced in class action litigation and complex cases and will fairly and adequately represent the interests of the proposed class.  Plaintiff and his counsel will prosecute this action vigorously.

29.     A class action is superior to all available methods for the fair and efficient adjudication of this controversy.   Joining all proposed class members in one action is impracticable, and prosecuting individual actions is not feasible.   The size of the individual claims is likely not large enough to justify filing a separate action for each claim.  For many, if not most class members, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice.  Even if proposed class members had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed.  Individual litigation exacerbates the delay and increases the expense for all parties, as well as the court system.  Moreover individual litigation could result in inconsistent adjudications of common issues of law and fact.

30.     In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary

adjudication with consistent results and equal protection of the rights of Plaintiff and proposed class members. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

31.     Class certification is further warranted because Defendant has acted or refused to act on grounds that apply generally to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the proposed class as a whole.

## COUNT I – VIOLATION OF KRS § 365.732

32.     Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

33.     KRS § 365.732 generally requires that any person or business conducting business within the Commonwealth of Kentucky that owns or licenses computerized data that includes personal information shall disclose any breach of the security of the system to any resident of the state whose personal information was acquired by an unauthorized person, and further require that the disclosure of the breach be made in the most expedient time possible and without unreasonable delay.

34.     The Home Depot data breach constitutes a breach of the security system of Home Depot within the meaning KRS § 365.732 and the data breached is protected and covered KRS § 365.732.

35.     Plaintiffs' and proposed class members' names, credit and debit card numbers, card expiration dates, CVVs addresses, phone numbers and email addresses constitute personal information under and subject to KRS § 365.732.

36.     Home Depot unreasonably delayed in informing the public, including Plaintiff and proposed class members about the breach of security of Plaintiffs' and Class members'

confidential and non-public personal information after Home Depot knew or should have known that the data breach had occurred.

37.     Home Depot failed to disclose to Plaintiff and proposed class members without unreasonable delay and in the most expedient time possible, the breach of security of Plaintiff's and proposed class members' personal and financial information when Home Depot knew or reasonably believed such information had been compromised.

38.     Plaintiff and proposed class members suffered harm directly resulting from Home Depot's failure to provide and the delay in providing Plaintiffs and proposed class members with timely and accurate notice as required by the KRS § 365.732. Plaintiff and proposed class members suffered the damages alleged above as a direct result of Home Depot's delay in providing timely and accurate notice of the data breach.

39.     Had Home Depot provided timely and accurate notice of the Home Depot data breach, Plaintiff and proposed class members would have been able to avoid and/or attempt to ameliorate or mitigate the damages and harm resulting in the unreasonable delay by Home Depot in providing notice. Plaintiff and the proposed class members could have avoided making credit or debit card purchases at Home Depot stores, could have avoided shopping at Home Depot stores at all, and could have contacted their banks to cancel their cards, or could otherwise have tried to avoid the harm caused by Home Depot's delay in providing timely and accurate notice.

40.     Plaintiff and the proposed class members seek all remedies available under KRS § 365.732 and KRS § 446.070, including but not limited to a) damages suffered by Plaintiff and the proposed class members as alleged above, b) equitable relief, including injunctive relief, and c) reasonable attorney fees and costs.

## COUNT II – NEGLIGENCE

41.    Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

42.    Home Depot came into possession, custody, and/or control of personal and/or financial information of Plaintiffs and the proposed members.

43.    Home Depot owed a duty to Plaintiffs and the proposed class members to exercise reasonable care in safeguarding and securing the personal and/or financial information of Plaintiff and proposed class members in its possession, custody, and/or control.

44.    Home Depot had a duty to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff's and proposed class members' personal and/or financial information in its possession, custody, and/or control.

45.    Home Depot had a duty to exercise reasonable care in timely notifying Plaintiff and proposed class members of an unauthorized disclosure of Plaintiffs' and proposed class members' personal and/or financial information in its possession, custody, and/or control.

46.    Home Depot, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and proposed class members by failing to exercise reasonable care in safeguarding and securing the personal and/or financial information of Plaintiff and proposed class members in its possession, custody, and/or control.

47.    Home Depot, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and proposed class members by failing to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and

security of Plaintiff's and proposed class members' personal and/or financial information in its possession, custody, and/or control.

48.     Home Depot, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and proposed class members by failing to exercise reasonable care in timely notifying Plaintiff and proposed class members of an unauthorized disclosure of Plaintiff's and proposed class members' personal and/or financial information in its possession, custody, and/or control.

49.     Home Depot's negligent and wrongful breach of duties it owed to Plaintiff and proposed class members proximately caused an unauthorized disclosure of Plaintiff's and proposed class members' personal and/or financial information in its possession, custody, and/or control.

50.     As a direct and proximate result of Home Depot's negligent conduct, Plaintiff and proposed class members have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT III – BREACH OF IMPLIED CONTRACT

51.     Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

52.     When Plaintiff and proposed class members provided their financial and personal information to Home Depot in order to make purchases at Home Depot stores, Plaintiff and proposed class members entered into implied contracts with Home Depot pursuant to which Home Depot agreed to safeguard and protect such information and to timely and accurately notify Plaintiff and proposed class members that their data had been breached and compromised.

53.     Home Depot solicited and invited Plaintiff and proposed class members to purchase products at Home Depot stores using their credit or debit cards. Plaintiff and proposed

class members accepted Home Depot's offers and used their credit or debit cards to purchase products at Home Depot stores during the period of the Home Depot data breach.

54.     Each purchase made at a Home Depot store by Plaintiff and proposed class members using their credit or debit card was made pursuant to the mutually agreed upon implied contract with Home Depot under which Home Depot agreed to safeguard and protect Plaintiff's and proposed class members' personal and financial information, including all information contained in the magnetic stripe of Plaintiff's and proposed class members' credit or debit cards, and to timely and accurately notify them that such information was compromised and breached.

55.     Plaintiff and proposed class members would not have provided and entrusted their financial and personal information, including all information contained in the magnetic stripes of their credit and debit cards, to Home Depot in order to purchase products at Home Depot stores in the absence of the implied contract between them and Home Depot.

56.     Plaintiff and proposed class members fully performed their obligations under the implied contracts with Home Depot.

57.     Home Depot breached the implied contracts it made with Plaintiff and proposed class members by failing to safeguard and protect the personal and financial information of Plaintiff and proposed class members and by failing to provide timely and accurate notice to them that their personal and financial information was compromised in and as a result of Home Depot data breach.

58.     The losses and damages sustained by Plaintiff and proposed class members as described herein were the direct and proximate result of Home Depot's breaches of the implied contracts between Home Depot and Plaintiff and proposed class members.

59.     Wherefore, Plaintiff and proposed class members pray for relief as set forth below.

## COUNT IV – BAILMENT

60.     Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

61.     Plaintiff and proposed class members delivered their personal and financial information, including the information contained on the magnetic stripes of their credit or debit cards, to Home Depot for the exclusive purpose of making purchases from Home Depot at Home Depot stores.

62.     In delivering their personal and financial information to Home Depot, Plaintiff and proposed class members intended and understood that Home Depot would adequately safeguard their personal and financial information.

63.     Home Depot accepted possession of Plaintiff' and proposed class members' personal and financial information for the purpose of accepting payment for goods purchased by Plaintiff and proposed class members at Home Depot stores.

64.     By accepting possession of Plaintiff's and proposed class members' personal and financial information, Home Depot understood that Plaintiff and proposed class members expected Home Depot to adequately safeguard their personal and financial information. Accordingly, a bailment (or deposit) was established for the mutual benefit of the parties.

65.     During the bailment (or deposit), Home Depot owed a duty to Plaintiff and proposed class members to exercise reasonable care, diligence and prudence in protecting their personal and financial information.

14

66.     Home Depot breached its duty of care by failing to take appropriate measures to safeguard and protect Plaintiff's and proposed class members' personal and financial information, resulting in the unlawful and unauthorized access to and misuse of Plaintiff's and proposed class members' personal and financial information.

67.     Home Depot further breached its duty to safeguard Plaintiff's and proposed class members' personal and financial information by failing to timely and accurately notify them that their information had been compromised as a result of the Home Depot data breach.

68.     Home Depot failed to return, purge or delete the personal and financial information of Plaintiff and proposed class members at the conclusion of the bailment (or deposit) and within the time limits allowed by law.

69.     As a direct and proximate result of Home Depot's breach of its duty, Plaintiff and proposed class members suffered consequential damages that were reasonably foreseeable to Home Depot, including but not limited to the damages set forth above.

70.     As a direct and proximate result of Home Depot's breach of its duty, the personal and financial information of Plaintiff and proposed class members entrusted to Home Depot during the bailment (or deposit) was damaged and its value diminished.

71.     Wherefore, Plaintiff and proposed class members pray for relief as set forth below.

## COUNT V – UNJUST ENRICHMENT

72.     Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

73.     Plaintiff and proposed class members conferred a monetary benefit on Home Depot in the form of monies paid for the purchase of goods from Home Depot during the period of the Home Depot data breach.

74.     Home Depot appreciates or has knowledge of the benefits conferred directly upon it by Plaintiff and proposed class members.

75.     The monies paid for the purchase of goods by P Plaintiff and proposed class members to Home Depot during the period of the Home Depot data breach were supposed to be used by Home Depot, in part, to pay for the administrative and other costs of providing reasonable data security and protection to Plaintiff and proposed class members.

76.     Home Depot failed to provide reasonable security, safeguards and protection to the personal and financial information of Plaintiff and proposed class members and as a result, Plaintiff and proposed class members overpaid Home Depot for the goods purchased through use of their credit and debit cards during the period of the Home Depot data breach.

77.     Under principles of equity and good conscience, Home Depot should not be permitted to retain the money belonging to Plaintiff and proposed class members, because Home Depot failed to provide adequate safeguards and security measures to protect Plaintiff's and proposed class members' personal and financial information that they paid for but did not receive.

78.     As a result of Home Depot's conduct as set forth in this Complaint, Plaintiff and proposed class members suffered damages and losses as stated above, including monies paid for Home Depot products that Plaintiff and proposed class members would not have purchased had Home Depot disclosed the material fact that it lacked adequate measures to safeguard customers' data and had Home Depot provided timely and accurate notice of the data breach, and including

the difference between the price they paid for Home Depot's goods as promised and the actual diminished value of its goods and services.

79.    Plaintiff and proposed class members have conferred directly upon Home Depot an economic benefit in the nature of monies received and profits resulting from sales and unlawful overcharges to the economic detriment of Plaintiff and proposed class members.

80.    The economic benefit, including the monies paid and the overcharges and profits derived by Home Depot and paid by Plaintiff and proposed class members, is a direct and proximate result of Home Depot's unlawful practices as set forth in this Complaint.

81.    The financial benefits derived by Home Depot rightfully belong to Plaintiff and proposed class members.

82.    It would be inequitable under established unjust enrichment principles in the Commonwealth of Kentucky for Home Depot to be permitted to retain any of the financial benefits, monies, profits and overcharges derived from Home Depot's unlawful conduct as set forth in this Complaint.

83.    Home Depot should be compelled to disgorge all unlawful or inequitable proceeds received by Home Depot.

84.    Accordingly, Plaintiff and other proposed class members are entitled to restitution and other equitable relief.

85.    Wherefore, Plaintiff and proposed class members pray for relief as set forth below.

### <u>Count VI – Violations of the Consumer Protection Act</u>

86.    Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

87.     KRS § 367.170 makes unlawful any unfair, false, misleading, deceptive acts or practices in the conduct of any trade or commerce in the Commonwealth of Kentucky.

88.     Home Depot unreasonably delayed in informing the public, including Plaintiff and members of the proposed class, about the breach of security of Plaintiffs' and Class members' confidential and non-public personal information after Home Depot knew or should have known that the data breach had occurred.  This delay constitutes unfair, false, misleading, deceptive acts or practices in the conduct of trade or commerce in the Commonwealth of Kentucky.

89.     Plaintiff and proposed class members suffered harm directly resulting from Home Depot's failure to provide and the delay in providing Plaintiffs and proposed class members with timely and accurate notice. Plaintiff and proposed class members suffered the damages alleged above as a direct result of Home Depot's delay in providing timely and accurate notice of the data breach. This failure constitutes unfair, false, misleading, deceptive acts or practices in the conduct of trade or commerce in the Commonwealth of Kentucky.

90.     Home Depot failed to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff's and proposed class members' personal and/or financial information in its possession, custody, and/or control.   This failure constitutes unfair, false, misleading, deceptive acts or practices in the conduct of trade or commerce in the Commonwealth of Kentucky.

91.     The aforesaid acts violate KRS § 367.170.

92.     Home Depot failed to disclose to Plaintiff and proposed class members without unreasonable delay and in the most expedient time possible, the breach of security of Plaintiff's

and proposed class members' personal and financial information when Home Depot knew or reasonably believed such information had been compromised.

93.     By virtue thereof, Plaintiff and the proposed class members are entitled to interest, attorney's fees, and other damages pursuant to KRS 367.220 and KRS 446.070.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Todd Burris, individually and on behalf of all others similarly situated, request that the Court grant the following relief:

A.     Certify that this lawsuit may be prosecuted as a class action pursuant to Rule 23 of the Kentucky Rules of Civil Procedure;

B.     Appoint Plaintiff and Plaintiff's counsel to represent the proposed class;

C.     Require Home Depot to make whole any losses suffered by Plaintiff and other proposed class members;

D.     Enjoin Home Depot from further engaging in the unlawful conduct complained of herein;

E.     Award Plaintiff and other proposed class members appropriate relief, including actual and statutory damages, restitution and disgorgement;

F.     Pre-judgment and post-judgment interest;

G.     Require Defendant to pay for notifying the Class of the pendency of this action;

H.      Require Defendant to pay Plaintiff's and proposed class members' reasonable attorneys' fees, expenses, and the costs of this action;

I.     Trial by jury; and

J.     Any and all other and further relief as this Court deems necessary, just, and proper.

Respectfully submitted,

M. AUSTIN MEHR
PHILIP G. FAIRBANKS
ERIK D. PETERSON
BARTLEY K. HAGERMAN
Mehr Fairbanks Trial Lawyers
201 West Short Street, Suite 800
Lexington, KY 40507
Telephone (859) 225-3831
Facsimile: (859) 225-3830
Email: amehr@austinmehr.com
Email: pgf@austinmehr.com
Email: edp@austinmehr.com
Email: bkh@austinmehr.com

*Counsel for Plaintiff and the
Proposed Class*

20

| | | |
|---|---|---|
| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice     www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. *14-CC-340*<br>Court  ☑ Circuit  ☐ District<br>County  Fayette |

**PLAINTIFF**

Todd Burris, Individually and on behalf of all others similarly situated

**VS.**

**DEFENDANT**

The Home Depot, Inc.

To be served through the Kentucky Secretary of State upon

**Service of Process Agent for Defendant:**

CSC of Cobb County, Inc.

192 Anderson Street, S.E.

Suite 125

| Marietta | Georgia | 30060 |
|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____

FILED SEP 10 2014

VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
CIVIL DIVISION                                    Clerk

By: _____  D.C.
120 N. LIMESTONE STREET C103
LEXINGTON, KENTUCKY 40507

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

SECRETARY OF STATE
P.O. BOX 718
FRANKFORT, KY. 40602-0718

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

7013 2630 0001 7481 4481

PS Form 3800, August 2006        See Reverse for Instructions

# County

# Random Judge Assignment Report

| Court: | FAYETTE CIRCUIT COURT - CIVIL CASES |
|---|---|

| Requestor: | KIMK | Reference/Case Number: | 14-CI-3409 |
|---|---|---|---|

**This Case has been Assigned to:** 3rd **Division**

| Judge James D. Ishmael, Jr. | 622224 |
|---|---|

**Control Date/Time:** 09/10/2014  7:59:30AM

Commonwealth of Kentucky
Fayette County
Vincent Riggs
Circuit Court Clerk

Receipt Number: 05-0081441-A
DATE: 09/10/2014
TIME: 08:57 AM
*** (12) CIRCUIT CIVIL - FILING/JURY ***
CASE NO: 14-CI-03409
RECEIVED FROM: MEIR
ACCOUNT OF: TODD BURRIS VS HOME DEPOT
PARTY NAME: BURRIS, TODD

| | |
|---|---|
| 1.  Civil Filing Fee (Q) | 115.00 |
| 2.  ATJ Fee (1) | 20.00 |
| 3.  Court Technology MCFO(K)(CT) | 10.00 |
| 4.  Att Tax Fee MCFO(K)(Q) | 5.00 |
| 5.  Court Facilities Fee (l) | 25.00 |
| 6.  Library Fee (L) | 1.00 |
| 7.  Jury Demand /112 CS(W)(M) | 60.00 |
| 8.  Postage/Cert. Mail MCFO(K)(H) | 13.36 |
| TOTAL: | $249.36 |
| CHECK: | $249.36 |
| ***DIFF: | 0.00 |

*** Check Number: 1704
*** Credit Card Invoice #:

Balance Due:

Prepared By: VINCE RIGGS/gm
** MCFO=Money Collected for Others
** CS=Charge for Services
Filing (KYCOURTS)

Page 1 of 1